UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 22-cr-20678

v.                                            Hon. Gershwin A. Drain

CHASE FARMER,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S ORAL MOTION FOR JUDGMENT OF ACQUITTAL

Defendant Chase Farmer was charged and convicted of multiple firearms offenses in a trial spanning April 29, 2025, to May 6, 2025. On May 2, after the Government rested its case in chief, Defendant brought an oral motion for judgment of acquittal under Federal Rule of Criminal Procedure 29. After the trial had adjourned for the day, the Court heard argument on the issue from both parties. At that time, the Court DENIED Defendant's motion. This written opinion expands on the Court's reasoning for that ruling.

### I.    BACKGROUND

Defendant, whose business "Shall Not Be Infringed LLC" was a Federal Firearms Licensee permitted to sell and manufacture machineguns, was charged with receipt and possession of unlawfully imported firearms (26 U.S.C. §§ 5844,

1

5861(k), and 5871); unlawful possession of a machinegun (18 U.S.C. § 922(o)); unlawful transfer of a machinegun (18 U.S.C. § 922(o)); and failure to keep proper records as a federally licensed firearms dealer (18 U.S.C. § 922(b)(5)). Specifically, Defendant was alleged to have imported, possessed, transported, and failed to keep proper records for drop-in auto sears ("DIAS") and Glock switches from a Russian website called "Silencer Sales." DIAS and Glock switches are machinegun conversion devices regulated as machineguns under the National Firearms Act ("NFA"). Trial began on April 29, 2025, and concluded on May 6, 2025, with the jury rendering guilty verdicts on all counts.

On May 2, 2025, the Government rested its case in chief. Subsequently, Defendant raised an oral motion for a judgment of acquittal. Defendant argued that the Government had not shown that he had the required state of mind for each of the four counts against him. The Government contested this argument, and the Court denied Defendant's motion.

## II. LAW & ANALYSIS

Under Federal Rule of Criminal Procedure 29(a), "[a]fter the government closes its evidence or after the close of all evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A defendant bringing a motion for judgment of acquittal "faces a demanding legal standard." *United States*

*v. Maya*, 966 F.3d 493, 498 (6th Cir. 2020) (citation omitted). In resolving the motion, the court "must view the evidence in the light most favorable to the prosecution, and may not enter a judgment of acquittal if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Paulus*, 894 F.3d 267, 274 (6th Cir. 2018) (citation omitted) (internal quotation marks omitted). Thus, courts may not independently weigh the evidence or judge the credibility of the witnesses who testified. *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999).

Defendant was charged with four counts. Count One charged Defendant with knowingly receiving and possessing unlawfully imported DIAS and Glock switches under 26 U.S.C. §§ 5844, 5861(k), and 5871. ECF No. 23, PageID.357. Count Two charged Defendant with knowingly and unlawfully possessing DIAS and Glock switches. *Id.* at PageID.358. Count Three charged Defendant with knowingly and unlawfully transferring DIAS and Glock switches. *Id.* Finally, Count Four charged Defendant with willfully selling and delivering firearms to another person without keeping the proper records. *Id.*

Defendant argued that there was no evidence to show that he knew his conduct was unlawful. However, the Government provided evidence suggesting Defendant's knowledge of illegality. For example, a reasonable juror could infer from some of the Government's evidence that Defendant knew he was importing DIAS and Glock

3

switches from Russia. The Government offered evidence that Defendant received emails in connection with purchases of DIAS and Glock switches which showed that payment was made in rubles (Russian currency), that Defendant received shipping and tracking information indicating that his packages originated in Russia, and that Defendant texted a representative from Silencer Sales whose phone number began with the Russian country code +7. The Government also offered evidence that by the time Defendant had made his third order from Silencer Sales, he began using an alias (Jacob Blake) and a different email address. The Government even provided evidence that Defendant told the Silencer Sales representative that he was giving them "fake details because [of] the product lol," and that he posted on Reddit that Silencer Sales is a Russian company.

Additionally, the Government provided evidence that Defendant knew that DIAS and Glock switches were NFA weapons subject to the NFA and the rules and regulations thereunder. For example, the Government offered an exhibit showing Defendant acknowledging on Reddit that DIAS are machineguns. The Government also offered an exhibit showing that Defendant had stamped Glock switches in the past, as required by the NFA, which suggests he was aware that Glock switches are regulated as machineguns under the NFA. Given the evidence that tends to show that it was clear that the DIAS and Glock switches were from Russia, that DIAS and Glock switches are regulated by the NFA, and that Defendant did not have a license

to import machineguns, a juror could reasonably conclude that Defendant knew his actions were unlawful.

Moreover, a juror could reasonably infer that Defendant willfully did not keep proper records of his disposition of the DIAS and Glock switches that he received from Silencer Sales. The Government offered evidence that Defendant received two successful shipments of DIAS and Glock switches from Silencer Sales, but did not have the full quantity he purchased in his possession at the time that ATF executed its search warrant. These items were not accounted for in Defendant's records, and Defendant told the ATF agents that he did not know where they were. Moreover, the Government provided evidence that Defendant was extensively instructed on the rules and regulations pertaining to selling NFA weapons when he received his federal firearms license and special operational tax. A juror could infer that Defendant transferred those DIAS and Glock switches which were missing from his possession and that Defendant willfully failed to record these transfers.

In sum, upon "view[ing] the evidence in the light most favorable to the prosecution," the Court concluded that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Paulus*, 894 F.3d at 274.

### III. CONCLUSION

For the foregoing reasons, the Court DENIED Defendant's oral motion for judgment of acquittal.

5

**SO ORDERED.**

Dated: May 7, 2025                                     /s/Gershwin A. Drain
                                                       GERSHWIN A. DRAIN
                                                       United States District Judge