UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,           Case No. 22-cr-20678
v.                                    Hon. Gershwin A. Drain

CHASE FARMER,

           Defendant.
_____/

## ORDER GRANTING THE GOVERNMENT'S MOTION TO EXCLUDE DEFENDANT'S PROPOSED EXPERT WITNESS TYLER HILLIKER [ECF No. 49]

Defendant Chase Farmer was charged and convicted of multiple firearms offenses in a trial spanning April 29, 2025, to May 6, 2025. Four days before trial commenced, the Government filed a motion *in limine* seeking to exclude various witnesses that Defendant proposed. *See* ECF No. 49. The Court granted the Government's motion in part. *See* ECF No. 58. However, the Court took under advisement the Government's request to exclude Defendant's proposed firearms expert, Tyler Hilliker. *Id.* at PageID.1079. The Court explained that it had doubts that Mr. Hilliker met the qualifications for an expert witness and stated that it was willing to hold a *Daubert* hearing on the issue to determine Mr. Hilliker's qualifications. *Id.*

The Court held a *Daubert* hearing on May 2, 2025, during which both parties

1

had an opportunity to question Mr. Hilliker and present arguments to the Court. The Court orally GRANTED the Government's motion to exclude Mr. Hilliker as an expert witness. This written opinion expands upon the Court's reasoning for its ruling.

## I.     BACKGROUND

Defendant, whose business "Shall Not Be Infringed LLC" was a Federal Firearms Licensee, was charged with receipt and possession of unlawfully imported firearms (26 U.S.C. §§ 5844, 5861(k), and 5871); unlawful possession of a machinegun (18 U.S.C. § 922(o)); unlawful transfer of a machinegun (18 U.S.C. § 922(o)); and failure to keep proper records as a federally licensed firearms dealer (18 U.S.C. § 922(b)(5)). Specifically, Defendant was charged with importing, possessing, transporting, and failing to keep proper records for drop-in auto sears ("DIAS") and Glock switches from Russia, which are machinegun conversion devices regulated as machineguns under the National Firearms Act ("NFA"). Trial began on April 29, 2025, and concluded on May 6, 2025, with the jury rendering guilty verdicts on all counts.

On April 25, 2025, the Government filed a Motion to Preclude Testimony of Witnesses. ECF No. 49. In the Motion, the Government argued that four of Defendant's witnesses should not be permitted to testify, including Mr. Hilliker. *Id.* at PageID.954. The Government informed the Court that defense counsel notified

the Government on April 23, 2025[1] that he intended to call Mr. Hilliker to testify about the steps necessary to manufacture a machinegun. *Id.* The Government noted that Defendant provided no expert report or summary of what Mr. Hilliker would testify about at trial, violating Federal Rule of Criminal Procedure 16(b)(1)(C). *Id.* The Government argued that as a result, it had "no realistic opportunity" to respond to the evidence. *Id.* at PageID.959.

In response, Defendant noted that Mr. Hilliker had been "diligently working to assemble and prepare for testifying at trial" and that "[n]ot allowing Mr. Hilliker to testify will substantially impact the defense of this case." ECF No. 51, PageID.970. Defendant provided an email from Mr. Hilliker which explained what he plans to testify about at trial, which included (1) an explanation of the conversion process of a semiautomatic AR-15 to a machinegun, (2) his opinion on the time it would take to convert the firearm to a machinegun and the degree of expertise required, (3) an explanation of ATF regulations on the timely registration of National Firearms Act items, and (4) a discussion of the "poorly defined" 80% or unfinished receiver statements by the ATF. *Id.* at PageID.974.

---

[1] Throughout the Motion, the Government states that defense counsel made this disclosure on "April 23, 2024"—i.e., last year. *See* ECF No. 49, PageID.954, 957. The Government also states that the trial is set to begin on "April 29, 2024," rather than April 29, 2025. *Id.* at PageID.955. It is clear, contextually, that the Government wrote "2024" throughout the Motion in error, and that it really meant 2025 for these dates.

3

The Government replied to Defendant's response. The Government asserted that Defendant never disclosed this email from Mr. Hilliker. ECF No. 53, PageID.1039. The Government also informed the Court that Defendant finally disclosed Mr. Hilliker's official expert report on April 27, 2025—merely two days before trial. *Id.* Considering the foregoing, the Government argued that Defendant's tardy disclosures did not provide the Government with a fair opportunity to meet the evidence. *Id.*

On April 29, 2025, prior to the commencement of jury selection, the Court heard argument on the issue of witnesses. At that time, the Court did not rule on whether Mr. Hilliker should be precluded pursuant to Rule 16(d)(2) of the Federal Rules of Criminal Procedure, which is the basis upon which the Government asserted Mr. Hilliker should be precluded. Instead, the Court noted that Mr. Hilliker's credentials appeared dubious and that it was uncertain whether Mr. Hilliker could qualify as an expert witness in this case. The Court informed the parties that it would hold a *Daubert* hearing on the issue of Mr. Hilliker's qualifications and would take the Government's motion under advisement in the meantime.

On May 2, 2025, the Court held a *Daubert* hearing after trial had adjourned for the day. The Court orally granted the Government's Motion at the conclusion of the hearing.

4

## II. LAW & ANALYSIS

"Where a party challenges the testimony of an expert witness, Federal Rule of Evidence 702 triggers a court's 'gate-keeping role' to determine the admissibility of that testimony." *Ilnytskyy v. Equipnet, Inc.*, 627 F. Supp. 3d 818, 824 (E.D. Mich. 2022) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). Rule 702 states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Performing the gatekeeping role under Rule 702 requires conducting "three basic inquiries." *Shupe v. Rocket Cos., Inc.*, 752 F. Supp. 3d 689, 717 (E.D. Mich. 2024) (citation omitted). Initially, a court must determine whether the witness's "knowledge, skill, experience, training, or education" qualifies him as an expert. Fed. R. Evid. 702(a). It is essential that the witness's qualifications "provide a

5

foundation for [the] expert to answer the specific questions in the expert report." *Thomas v. Lambert*, 606 F. Supp. 3d 592, 599 (E.D. Mich. 2022) (internal quotation marks, brackets, and citation omitted).

Next, the court "turns to the expert's proffered testimony, asking whether such testimony is relevant and would assist the jury in understanding the evidence at trial or determining a genuine factual issue." *Shupe*, 752 F. Supp. 3d at 717 (citations omitted). To be relevant, Rule 702 "requires a valid connection to the pertinent inquiry as a precondition to admissibility." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert*, 509 U.S. at 592) (ellipses omitted); *see also Johnson v. BLC Lexington SNF, LLC*, 478 F. Supp. 3d 578, 583 (E.D. Ky. Aug. 11, 2020) ("Relevance means there must be a 'fit' between the inquiry in the case and the testimony." (quoting *United States v. Bonds*, 12 F.3d 540, 555 (6th Cir. 1993)).

Finally, the court considers whether the expert's testimony is reliable, which includes considerations such as:

> (1) whether the expert's theory has been tested; (2) whether the expert's theory 'has been subjected to peer review and publication'; (3) whether there is a 'known or potential rate of error' and standards that control the particular technique; and (4) whether the theory or technique has been generally accepted within the pertinent community.

*Keyes v. Ocwen Loan Servicing, LLC*, 335 F. Supp. 3d 951, 955 (E.D. Mich. 2018) (quoting *Daubert*, 509 U.S. at 593–94). Notably, these factors are not a "definitive checklist or test" and should be applied only where they are "reasonable measures

6

of the reliability of expert testimony." *In re Scrap Metal Litig.*, 527 F.3d 517, 529 (6th Cir. 2008) (citation omitted).

### i. Mr. Hilliker's Qualifications and Proffered Testimony

The following information was revealed to the Court through Mr. Hilliker's curriculum vitae and at the *Daubert* hearing.

*a. Professional Experience*

Mr. Hilliker is the owner of Mid-Michigan Protection Association LLC, d/b/a Hilliker Arms. Mr. Hilliker founded Hilliker Arms in 2021, and for the following two years was engaged solely in instructing on safe firearms handling and concealed carry. He obtained a type 07 Federal Firearms License ("FFL") in 2023 and a Special Operational Tax ("SOT") for the 2024 year. At that point, Mr. Hilliker was permitted to manufacture and transact in firearms (including machineguns). Mr. Hilliker testified that he primarily sells AR-15s and pistols, although he has a few demonstration models of machineguns for law enforcement agencies (namely, two AR-15s with traditional-style sears and one Uzi submachinegun).

Aside from his business, Mr. Hilliker stated that he has been involved in the gun hobby for over a decade. He has self-studied the NFA and the Gun Control Act ("GCA") and has been involved in Second Amendment activism. Mr. Hilliker has not studied or utilized the NFA or GCA in a professional environment. Mr. Hilliker has never testified as an expert witness.

### b. Education

As for Mr. Hilliker's educational background, he has a high school education. He has also completed several courses pertaining to firearms. First, Mr. Hilliker attended Phoenix Rising Firearms Academy, which focused on firearms instruction for safe handling and use. It did not involve firearm manufacturing. In 2022 through 2023, Mr. Hilliker also obtained a certificate in gunsmithing from Penn Foster. This course taught Mr. Hilliker how to make and modify firearms of various sorts, including metalworking and machining. It involved watching videos and occasionally assembling firearms. Mr. Hilliker testified that he learned how to make pistols, muskets, AR-15s, and shotguns. As for machineguns, Mr. Hilliker stated that the course covered how to make M-16s, for which he watched videos and submitted a written assignment. This course did not involve manufacturing DIAS or Glock switches, or manufacturing machineguns modified with DIAS or Glock switches.

Mr. Hilliker attended a two-week course from the American Gunsmithing Institute in 2024 after receiving his FFL. That training involved manufacturing and troubleshooting common problems in AR-15s and M-16s. Mr. Hilliker assembled guns for this course, along with taking quizzes and watching videos. The certificate from this course permits Mr. Hilliker to perform work for law enforcement agencies. It did not involve manufacturing DIAS or Glock switches, or manufacturing machineguns modified with DIAS or Glock switches.

Finally, Mr. Hilliker began a Glock Armorer course with the American Gunsmithing Institute, which he has yet to complete.

c. *Experience with DIAS and Glock Switches*

Mr. Hilliker does not own any weapons with DIAS or Glock switches. Nor has Mr. Hilliker ever manufactured a weapon with DIAS or Glock switches. None of Mr. Hilliker's formal educational background in firearms has involved DIAS or Glock switches. Mr. Hilliker testified that he has shot a Glock modified with a switch about 10-15 times, and that he has shot an AR-15 modified with a DIAS a similar number of times. Mr. Hilliker stated that he has watched other FFLs modify firearms with a DIAS and has watched videos of this process. Specifically, Mr. Hilliker stated that he has seen DIAS manufacturing occur about half a dozen to a dozen times and can remember two times he has seen it in person. As for Glock switches, Mr. Hilliker stated that he has seen Glock milling twice in person and has watched videos of it online. Mr. Hilliker stated that he has never been asked to classify or identify DIAS or Glock switches.

d. *Mr. Hilliker's Expert Report*

In Mr. Hilliker's report, he discusses drilling out AR-15 receivers and installing M-16 parts in order to convert the AR-15 into a machinegun. In doing so, Mr. Hilliker used a traditional-style sear, not a DIAS. Mr. Hilliker also concluded his report by finding that the NFA is unconstitutional.

9

### ii. Mr. Hilliker Is Not Qualified as an Expert, and His Proffered Testimony is Not Relevant

In a general sense, Mr. Hilliker is knowledgeable about firearms. However, "[t]he fact that a proposed witness is an expert in one area, does not *ipso facto* qualify him to testify as an expert in all related areas."[2] *Travelers Prop. Casualty Ins. Co. v. R-Tek Insulation, Inc.*, 673 F. Supp. 3d 879, 885 (N.D. Ohio 2023) (citation omitted). This case is predicated on Defendant unlawfully importing, transferring, and possessing DIAS and Glock switches. Despite this focus of the case, Defendant's expert has little experience with DIAS or Glock switches. Indeed, Mr. Hilliker has not personally manufactured or modified a weapon with a DIAS or a Glock switch before, nor has he directly learned about DIAS and Glock switches during any of his formal firearm training. Mr. Hilliker's experience with DIAS and Glock switches is derived solely from watching others work with them, mostly on video, and relatively few times. *See, e.g.*, *Whirley v. Kawasaki Motors Corp., U.S.A.*, No. 1:04-cv-1145-T-An, 2006 WL 8435273, at *5 (W.D. Tenn. May 12, 2006) (in a case involving an ATV accident, finding that the proposed mechanical engineer expert was not qualified as a witness where he had no experience with ATV designs and warnings,

---

[2] The Court makes no determination whether Mr. Hillliker could have been qualified as an expert on any other issue. The Court simply cites this case to demonstrate that even though Mr. Hilliker may be knowledgeable about firearms in general, it does not mean he is qualified to be an expert witness about converting firearms into machineguns via DIAS or Glock switch.

had never worked with ATVs or taught courses on them, and had limited experience with ATVs).

Indeed, Mr. Hilliker's experience with machineguns in general is limited. He has only manufactured three machineguns: two AR-15s modified with traditional-style sears and an Uzi. *See Burgett v. Troy-Bilt LLC*, No. 12-25-ART, 2013 WL 3566355, at *3–*4 (E.D. Ky. July 11, 2013), *aff'd*, 579 Fed. App'x 372 (6th Cir. 2014) (finding proposed expert electrical engineer not qualified where he had only taken two courses in electrical engineering in college and had only diagnosed an electrical problem like the one in the case once before).

Moreover, Mr. Hilliker's professional experience is limited. He has only been in the firearms business for four years. Even then, he has only had an FFL and an SOT for two years and one year, respectively. In essence, Mr. Hilliker only has a maximum of two years of professional experience that is arguably relevant to the issue he seeks to testify about: converting firearms into machineguns. *See Lokai v. Mac Tools, Inc.*, No. 2:05-cv-00925, 2007 WL 2248166, at *2 (S.D. Ohio Aug. 2, 2007) (proposed expert whose opinion was based on four years of experience in auto body repair not qualified as an expert in auto body repair). In addition, Mr. Hilliker has never been asked to identify DIAS or Glock switches, nor has he testified as an expert witness before. *See Evans v. Novolex Holdings, LLC*, No. 20-98-DLB-CJS, 2024 WL 5275558, at *6 (E.D. Ky. Mar. 25, 2024) (finding that a proposed expert

11

was not qualified where "[h]e only has a high school education, [and] he has never testified as an expert witness before…").

In addition to Mr. Hilliker's lack of qualifications by knowledge skill, experience, training, or education, Mr. Hilliker's proposed testimony would not have been relevant. Mr. Hilliker based his conclusions in his expert report on modifying an AR-15 with what he called a "traditional" auto sear—not a DIAS. Thus, there was no "fit" between Mr. Hilliker's proffered testimony and the pertinent inquiry in this case, which involves DIAS and Glock switches specifically. *Johnson*, 478 F. Supp. 3d at 583. Notably, the party offering the expert (in this case, Defendant) "has the burden of proving admissibility of the expert's opinion by a preponderance of the evidence." *Ilnytskyy*, 627 F. Supp. 3d at 824 (citing *Daubert*, 509 U.S. at 592 n.10). Defendant did not meet the burden of demonstrating how Mr. Hilliker's manufacturing of an AR-15 with a different style sear is pertinent to manufacturing an AR-15 with a DIAS or a Glock with a Glock switch. Furthermore, Mr. Hilliker's conclusion that the NFA is unconstitutional is clearly beyond the scope of relevant testimony. *Keyes*, 335 F. Supp. 3d at 959 ("[E]xpert witnesses are not permitted to make legal conclusions.").

In sum, Mr. Hilliker did not have the requisite experience, skill, training, or education to testify as a witness about manufacturing machineguns with a DIAS or Glock switch, and Defendant did not show that Mr. Hilliker's purported testimony—

12

discussing the manufacture of an AR-15 with a "traditional"-style sear—was relevant. As such, the Court found that Mr. Hilliker's testimony must be excluded. The Court does not reach the issue of whether Mr. Hilliker's testimony would have been reliable.

### III. CONCLUSION

For the foregoing reasons, the Government's Motion to Preclude Tyler Hilliker as an expert witness [ECF No. 49] was GRANTED.

**SO ORDERED.**

Dated: May 7, 2025

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge